IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**VENANCIO VIGIL, JR.,**

                Petitioner,

     v.                                               CASE NO. 25-3170-JWL

**PAUL SNYDER,**

                Respondent.

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Venancio Vigil, Jr., a state prisoner incarcerated at Winfield Correctional Facility in Winfield, Kansas. Petitioner has been granted leave to proceed in forma pauperis (Doc. 6) and the Court has conducted the review of the petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will be granted time to show cause, in writing, why this matter should not be dismissed for the reasons explained below. Also before the Court is Petitioner's motion for appointment of counsel (Doc. 3), which will be denied without prejudice.

### Background

In August 2016, in the District Court of Reno County, Kansas, a jury convicted Petitioner of aggravated battery and attempted second-degree murder. (Doc. 1, p. 1.) In June 2017, he was sentenced to 247 months in prison. *Id.* Petitioner pursued a direct appeal and, in an opinion issued on February 14, 2020, the Kansas Court of Appeals (KCOA) affirmed the convictions. *Id.* at 2; *See State v. Vigil*, 2020 WL 7410702 (Kan. Ct. App. Feb. 14, 2020) (unpublished) (*Vigil I*), *rev. denied* Aug. 31, 2020. The Kansas Supreme Court (KSC) denied Petitioner's petition for review

1

on August 31, 2020. Petitioner advises that he did not file a petition for writ of certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

Petitioner then timely filed a motion for state habeas relief under K.S.A. 60-1507, alleging ineffective assistance of trial counsel. *Id.*; *See Vigil v. State*, 2025 WL 438854, *1 (Kan. Ct. App. Feb. 7, 2025) (unpublished) (*Vigil II*), *rev. denied* July 31, 2025. The state district court denied the motion and, on February 7, 2025, the KCOA issued an opinion affirming the denial. *Vigil II*, 2025 WL 437754, at *1. The KSC denied Petitioner's petition for review on July 31, 2025.

On August 25, 2025, Petitioner filed in this Court the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 that began this case. (Doc. 1.) He asserts four grounds for relief. As Ground One, Petitioner asserts that his constitutional right to a fair trial was violated when the victim, who had been under the influence of mind-altering drugs during the crime, committed perjury while under oath and the State knowingly used the perjury to convict Petitioner. *Id.* at 5. In Ground Two, Petitioner asserts that the State violated his constitutional rights under *Brady v. Maryland*, 373 U.S. (1963), and denied him a fair trial by failing to disclose in pretrial discovery that a witness had told police that Petitioner did not look like the person she saw at the house where the crime was committed. (Doc. 1, p. 6); *see also Vigil II*, 2025 WL 438854, at *2-3. Petitioner also alleges that the witness was not allowed to testify, although he does not clearly explain this argument. (Doc. 1, p. 6.)

As Ground Three, Petitioner asserts that his constitutional right to a fair trial was violated by Detective Dean Harrow committing perjury under oath, improperly logging evidence, and taking evidence of drug paraphernalia from the crime scene and giving it to the victim's mother to dispose of. (Doc. 1, p. 8.) As Ground Four, Petitioner asserts that his constitutional right to a fair trial was violated when the victim solicited support for the convictions on social media and when

2

trial witnesses engaged in conversation in front of the courthouse on the day of trial in violation of a sequestration order. *Id.* at 9. *Id.* at 9. As relief, Petitioner asks the Court to vacate his convictions and either dismiss the charges or order a new trial.[1] *Id.* at 14.

## Exhaustion Standards

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement exists to "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the either the KCOA or the KSC, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

## Discussion

It does not appear that any of the grounds asserted for relief in this matter were properly exhausted. Petitioner explains that counsel decided—against Petitioner's wishes—not to raise these issues in his direct appeal, a decision Petitioner now asserts was unconstitutional ineffective assistance of counsel. (Doc. 1, p. 5, 7-10.) The effect of Petitioner's assertion that his failure to

---

[1] Petitioner also asks the Court, in the alternative, to order that his sentence be reduced to "time served," but the modification of a state-court-imposed criminal sentence is a type of relief not available in this federal habeas matter.

3

raise the issues on direct appeal occurred because of ineffective assistance of counsel will be addressed more below. For now, it is sufficient to say that the issues now presented in this federal habeas matter were not exhausted in Petitioner's direct appeal.

Petitioner asserts that he raised the asserted grounds for federal habeas relief in his K.S.A. 60-1507 motion and the related appeal. *Id.* The Court finds no indication that Petitioner argued to the KCOA in the K.S.A. 60-1507 appeal that his federal constitutional right to a fair trial was violated because the victim was under the influence of drugs during his trial testimony, the victim committed perjury, the victim engaged in impermissible social media activity, or trial witnesses violated a sequestration order, as he now argues in Grounds One and Four of this federal habeas matter. *See Vigil II*, 2025 WL 438854. Petitioner may have made these arguments in the K.S.A. 60-1507 motion he filed in the district court, but in order to exhaust these issues so that this Court can consider them now on the merits, Petitioner needed to raise them to the KCOA. *See Picard*, 404 U.S. at 275-76; Kan. S. Ct. Rule 8.03B(a). There is no indication that he did. Accordingly, Grounds One and Four appear unexhausted.

The exhaustion analysis of Grounds Two and Three is a closer call because it is clear that Petitioner made arguments to the KCOA that are closely related to the arguments he makes in Grounds Two and Three of his federal habeas petition. But the KCOA's opinion in the K.S.A. 60-1507 proceeding reflects that the only issues before it were based on the ineffective assistance of trial counsel. *See Vigil II*, 2025 WL 438854, at *1. The KCOA stated:

> [Petitioner] timely moved for relief from his convictions under K.S.A. 60-1507, alleging ineffective assistance of counsel due to reasons unrelated to those raised in his direct appeal. He alleges that his counsel was ineffective in four specific ways:
>
> 1. Failure to call Amber Perez to testify at his trial;
>
> 2. Failure to introduce evidence that the shoes introduced at trial were not

4

> his;
>
> 3. Failure to object to an improper lineup; and
>
> 4. Failure to object to the crime scene being tainted.

*Id.* at *1. The KCOA used the two-prong test for ineffective assistance of counsel to analyze these issues and it determined that none of Petitioner's allegations were based on objectively deficient performances by counsel, nor was Petitioner prejudiced by counsel's performance. *Id.* at 1-6. Thus, Petitioner had not shown unconstitutional ineffective assistance of counsel. *Id.*

In this federal habeas case, Petitioner frames his arguments differently. For example, the first argument to the KCOA was that trial counsel was ineffective by failing to call Amber Perez to testify at his trial. *See id.* at *1. In this federal habeas case, Ground Two also relates to the fact that Ms. Perez did not testify at Petitioner's trial. (Doc. 1, p. 6.) But Petitioner asserts in Ground Two that the State violated *Brady* by withholding Ms. Perez' identity during pretrial discovery and that Petitioner's constitutional right to a fair trial was violated when Amber Perez "was not allowed to testify." *Id.* These are different constitutional arguments than the ineffective assistance of counsel arguments Petitioner made to the KCOA.

The purpose of the exhaustion requirement is to "give state courts a fair opportunity to act on [a Petitioner's] claims." *See O'Sullivan*, 526 U.S. at 834. The United States Supreme Court has held that before a state prisoner may pursue federal habeas relief on the grounds that his federal constitutional rights have been violated, "the federal claim must be fairly presented to the state courts." *Picard*, 404 U.S. at 275. In order to give the state appellate courts a "fair opportunity" to resolve federal constitutional claims, Petitioner must have presented to a state appellate court the same claim on which he now seeks federal habeas relief. The Tenth Circuit recently reaffirmed this principle, stating:

> "For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' . . . ." Thus, we recognize that we must afford state courts "the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights," which those courts cannot do unless they have been "alerted to the fact that the prisoners are asserting claims under the United States Constitution." A petitioner "need not cite 'book and verse on the federal constitution.'" But he must do "more than present[ ] 'all the facts necessary to support the federal claim' to the state court or articulat[e] a 'somewhat similar state-law claim.'" At bottom, "the crucial inquiry is whether *the 'substance'* of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim."

*Honie v. Powell*, 58 F.4th 1173, 1184 (10th Cir. 2023) (citations omitted).

Thus, although Petitioner argued to the KCOA that trial counsel was unconstitutionally ineffective for failing to call Ms. Perez to testify at his trial, the constitutional arguments based on *Brady* and the denial of a fair trial that are now before this Court in Ground Two were not fairly presented to the KCOA and therefore are not properly exhausted. *See Grant v. Royal*, 886 F.3d 874, 891 (10th Cir. 2018) ("[T]here is no fair presentation if the claim before the state court was only 'somewhat similar' to the claim pressed in the habeas petition.").

Similarly, in Ground Three, Petitioner argues to this Court that his constitutional right to a fair trial was violated by the presentation of perjured testimony by Detective Harrow, and Detective Harrow's illegally tampering with and tainting the crime scene. (Doc. 1, p. 8.) But to the KCOA, Petitioner argued that "trial counsel was ineffective for not moving to suppress the crime scene photos or objecting to the evidence." *Vigil II*, 2025 WL 438864, at *4-5. Because Petitioner asserts different constitutional violations to this Court than he did to the KCOA, Ground Three is not exhausted.

For the reasons stated above, all four asserted grounds for federal habeas relief appear to be unexhausted. When a federal habeas petition contains only unexhausted claims and state-court remedies are still available for the unexhausted claims, the federal court generally should dismiss

6

the matter "without prejudice so that the petitioner can pursue available state-court remedies." *Grant*, 886 F.3d at 891-92 (internal citations and quotation marks omitted). But where a petitioner has failed to present a claim in the state appellate courts, and would be procedurally barred from presenting it if he returned to state court, there is an anticipatory procedural bar that prevents the federal court from addressing the claim. *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007). The claim is referred to as being barred by anticipatory procedural default.

It appears at this time that no procedural avenue exists by which Petitioner could return to state court to exhaust the arguments he asserts in this federal habeas matter. Petitioner's direct appeal is final, as is his K.S.A. 60-1507 proceeding. Any future K.S.A. 60-1507 proceeding Petitioner brings to challenge alleged trial errors such as those now asserted in his federal habeas petition would likely be barred as a successive motion, *see* K.S.A. 60-1507(c), and as untimely, *see* K.S.A. 60-1507(f). Moreover, the KSC has clearly held that "a K.S.A. 60-1507 motion cannot serve as a vehicle to raise an issue that should have been raised on direct appeal, unless the movant demonstrates exceptional circumstances excusing earlier failure to bring the issue before the court." *See State v. Brown*, 318 Kan. 446, 448-49 (2024).

If Petitioner knows of a way in which he could do so, he should inform this Court, in writing, and the Court will consider dismissing this matter without prejudice so that Petitioner can return to state court to exhaust his claims. Otherwise, Grounds One through Four of this matter appear barred by anticipatory procedural default and must be dismissed with prejudice. In his response to this order, Petitioner may choose to argue that some or all of the asserted grounds for federal habeas relief were exhausted or are not barred by anticipatory procedural default. He may also argue, however, that this Court should consider the merits of his claims despite his failure to properly exhaust them. To do so, he must make certain showings.

**Exceptions to Exhaustion Requirement**

A petitioner's unexhausted claim that is barred by anticipatory procedural default cannot be considered in a federal habeas corpus action unless he (1) establishes cause and prejudice for his default of state court remedies or (2) establishes that a fundamental miscarriage of justice will occur if this Court does not consider his claims. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Fontenot*, 4 F.4th at 1028 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). To demonstrate cause in this context, Petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). For example, to show cause for the failure to exhaust issues Petitioner raised to the state district court but not the state appellate court, Petitioner must show that some objective factor external to the defense impeded his ability to raise the issue on appeal. He also must show "actual prejudice as a result of the alleged violation of federal law." *See Coleman*, 501 U.S. at 750.

Petitioner asserts in his petition that he wanted to raise certain issues in his direct appeal but counsel refused to do so, which Petitioner characterizes as ineffective assistance of counsel. The United States Supreme Court has explained that in order for ineffective assistance of counsel to constitute "cause" that excuses a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" which "generally must 'be presented to the state courts as an

independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000).

This means that for a federal habeas petitioner to use the ineffective assistance of direct appeal counsel as cause to excuse the anticipatory procedural default of a ground for federal habeas relief, he must have argued *that* ineffective assistance of counsel claim to the state courts. In this case, for example, for Petitioner to argue successfully that the ineffective assistance of direct appeal counsel was the cause for his failure to raise Ground One to the state appellate courts, he must show where he has argued to the state appellate courts that direct appeal counsel was unconstitutionally ineffective for refusing to raise the issues now in Ground One. Then Plaintiff must also show that he was prejudiced by direct appeal counsel's refusal.

An anticipatory procedural default also may be excused, meaning that this Court will reach the merits of the claim, if Petitioner can show that the failure to consider the merits of the claim would result in a fundamental miscarriage of justice. To proceed under this exception, Petitioner "must make a colorable showing of factual innocence." *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). This exception requires a colorable showing of "'factual innocence not mere legal insufficiency.'" *See O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Petitioner is not required to conclusively exonerate himself, but he must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

The actual innocence exception is sometimes called a gateway because, if successful, a petitioner is not guaranteed federal habeas relief. Instead, if a petitioner successfully makes a colorable showing of actual innocence, he passes through the gateway otherwise closed by the

procedural default of a claim, meaning that the federal court may consider the merits of the defaulted claim. The Tenth Circuit has made clear:

> [T]enable actual-innocence gateway pleas are rare, arising only in an extraordinary case. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.

*Fontenot*, 4 F.4th at 1031 (citations and quotation marks omitted).

To qualify for the actual innocence exception, Petitioner must present to this Court "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021). If Petitioner comes forward with new reliable evidence, "[t]he habeas court must make its determination . . . 'in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'" *Schlup*, 513 U.S. at 328.

## Conclusion

After conducting the required initial Rule 4 review, the Court concludes that all of the grounds for relief asserted in the petition appear to be barred by anticipatory procedural default. Because the Court cannot consider the merits of claims that are barred by anticipatory procedural default, this matter appears subject to dismissal. Petitioner will be given time in which to submit a written response in which he shows either that Grounds One, Two, Three, and/or Four were properly exhausted or that avenues remain by which Petitioner could properly return to state court and exhaust the claims therein. Petitioner may also choose to argue that this Court should consider the merits of his claims regardless of his failure to properly exhaust them by showing (1) cause

and prejudice or (2) that a fundamental miscarriage of justice will occur if the Court declines to consider the claims on their merits. After Petitioner files his response to this order, the Court will review it carefully and will issue additional orders. If Petitioner fails to timely file a response to this order, this case will be dismissed without further prior notice to him.

### Motion for Appointment of Counsel (Doc. 3)

Also before the Court is Petitioner's motion for appointment of counsel. (Doc. 3.) As acknowledged in the motion, Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lomack v. Farris*, 2025 WL 397520, *1 (10th Cir. Feb. 4, 2025) (unpublished) (citing *Finley* and *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008), for the holding that "there is no constitutional right to counsel in habeas proceedings."). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). This Court may appoint counsel in a federal habeas action if it "determines that the interest of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B).

The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel for Petitioner, the Court has considered "the merits of [his] claims, the nature and complexity of the factual and legal issues, and [Petitioner's] ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

The Court concludes that at this point, the interest of justice does not require appointment of counsel for Petitioner. This matter is in the initial screening stage and, as explained above, it appears that this matter is subject to dismissal. Additionally, Petitioner appears very capable of presenting his asserted grounds for relief. That being said, the motion for appointment of counsel will be denied without prejudice, meaning that Petitioner may reassert his request if material circumstances change. Additionally, appointment of counsel may occur if the action develops in a way that requires counsel. For example, if discovery is authorized in this matter, the Court may reconsider whether appointment of counsel is appropriate. *See* Rules Governing § 2254 Cases, Rule 6, 28 U.S.C.A. foll. § 2254. Similarly, if an evidentiary hearing is warranted, the Court may consider appointment of counsel. *See* Rules Governing § 2254 Cases, Rule 8, 28 U.S.C.A. foll. § 2254.

**IT IS THEREFORE ORDERED** that the motion for appointment of counsel (**Doc. 3**) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Petitioner is granted until and including **October 14, 2025**, to submit a written response to this order that shows cause why this matter should not be dismissed because all of the grounds for relief asserted in the petition are barred by anticipatory procedural default. If Petitioner fails to timely file a written response, this matter will be dismissed without further prior notice to him.

**IT IS SO ORDERED.**

DATED:   This 12th day of September, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
