IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**VENANCIO VIGIL, JR.,**

                    **Petitioner,**

   v.                                                               CASE NO. 25-3170-JWL

**PAUL SNYDER,**

                      **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and state prisoner Venancio Vigil, Jr. (Doc. 1.) Because the Court's ruling in this order depends in part on the evidence presented at trial, the Court will first set out some of the pertinent facts and testimony that led to Petitioner's state-court convictions in 2017 of attempted second-degree murder and aggravated battery, as stated by the Kansas Court of Appeals[1] (KCOA):

      On August 31, 2016, Vigil and two friends, Tony Berends and Matthew Currie, stopped by Francisco Gracia's mother's house to visit Gracia. Gracia testified that one of Vigil's friends handed Vigil a knife and—without saying a word—Vigil stabbed Gracia in the abdomen. Gracia testified that Vigil then chased him into the living room and locked the front door. Gracia testified that, now that they were in the living room, Vigil tried to stab him several more times. Gracia escaped by jumping through a glass window. Gracia then ran, walked, or crawled to a neighbor's house, bleeding while holding his intestines. He knocked on the door of the neighbor's house.

      Gracia testified that he saw Vigil's vehicle park in front of the neighbor's house and Vigil got out with the knife. But once Gracia started banging on the window, Vigil got back in his vehicle. The neighbor answered the door, saw Gracia bleeding, closed the door, and called 911. Gracia testified that he walked back to

---

[1] "'[W]hen a state court has made a factual determination bearing on the resolution of a *Schlup* [actual innocence] issue, the petitioner bears the burden of rebutting this presumption by clear and convincing evidence.'" *Taylor v. Powell*, 7 F.4th 920, 932 (10th Cir. 2021) (quoting *Fontenot v. Crow*, 4 F.4th 982, 1032 (10th Cir. 2021)). Petitioner has not presented clear and convincing evidence that any of the facts set forth in the KCOA's opinion were incorrect.

1

his mother's house and collapsed in the front yard. Amber Perez was a customer at The Smoke Shop across the street. She saw the truck pull up to the house, the driver went inside, a passenger stayed in the truck, and then three people went into the house. As she started to pull away from the Smoke Shop, she heard glass break. She saw the passenger with a large knife. Realizing someone was hurt, she stopped and helped Gracia.

Very shortly thereafter, police found Vigil at his sister's house and arrested him. Police took off Vigil's size 8 shoes and placed them into evidence because they found blood on them. That blood was later matched to Gracia.

Roughly an hour after Perez aided Gracia at the scene, police took her to the Reno County Courthouse to identify the stabber. She testified that Detective Bryan Rodriguez listened to her story and when they were getting ready to leave "somebody said that they had the person that they thought maybe did it or whatever in there." Officers asked Perez to view a big screen TV, which showed Vigil sitting at a table. The officers asked Vigil to stand up and move around so that Perez could see him from different angles. Perez told the officers that the man did not look at all like the same person that she saw at the house. She described the person she saw as having a different hair style, clothes, and skin color.

Perez' statement that the person she saw on the screen was not the same person she saw at the house was not disclosed by the prosecution to Vigil's attorney. Vigil's attorney discovered it through a pretrial investigative meeting with Perez. As a result, trial counsel moved the court to either order the prosecution to turn over its discovery related to this matter or to dismiss the charges. The prosecution turned the information over after the motion was filed. The trial was conducted about six weeks later.

*Vigil v. State*, 2025 WL 438854, *2-3 (Kan. Ct. App. Feb. 7, 2025) (unpublished), *rev. denied* July 31, 2025.

In his current federal habeas petition, Petitioner asserts four grounds for relief. In Grounds One, Three, and Four, Petitioner asserts that his constitutional right to a fair trial was violated (Ground One) when Mr. Gracia committed perjury and the State knowingly used the perjured testimony to convict Petitioner; (Ground Three) when Detective Harrow committed perjury under oath, improperly logged evidence; and gave evidence of drug paraphernalia found at the crime scene to the Mr. Gracia's mother so she could dispose of it; and (Ground Four) when Mr. Gracia solicited support for the convictions on social media and when trial witnesses engaged in

conversation in violation of a sequestration order. (Doc. 1, p. 5-9). In Ground Two, Petitioner asserts that his constitutional rights under *Brady v.* Maryland, 373 U.S. 83 (1963), were violated by the State's failure to disclose Ms. Perez' statements in pretrial discovery. (Doc. 1, p. 6.)

The Court reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, on September 12, 2025, issued a memorandum and order to show cause (MOSC) explaining that all of the grounds for relief asserted in the petition in this matter appear to be barred by anticipatory procedural default. (Doc. 7.) The MOSC explained that there was no indication that Grounds One and Four of the federal habeas petition were ever raised to the Kansas appellate courts or that Petitioner could at this time return to state court to properly exhaust them. *Id.* at 4. It further explained that although Petitioner made arguments in his K.S.A. 60-1507 appeal that were related to the arguments in Grounds Two and Three of his federal habeas petition, he did not exhaust the arguments in Grounds Two and Three. *Id.* at 4-6. Specifically, the MOSC noted that the KCOA's opinion in the K.S.A. 60-1507 appeal identified all of the issues before it as alleging ineffective assistance of trial counsel, while the federal habeas petition now before this Court frames the issues differently. *Id.* at 4-5.

> For example, the first argument to the KCOA was that trial counsel was ineffective by failing to call Amber Perez to testify at his trial. [Citation omitted.] In this federal habeas case, Ground Two also relates to the fact that Ms. Perez did not testify at Petitioner's trial. (Doc. 1, p. 6.) But Petitioner asserts in Ground Two that the State violated *Brady* by withholding Ms. Perez' identity during pretrial discovery and that Petitioner's constitutional right to a fair trial was violated when Amber Perez "was not allowed to testify." *Id.* These are different constitutional arguments than the ineffective assistance of counsel arguments Petitioner made to the KCOA.
>
> . . .
>
> Thus, although Petitioner argued to the KCOA that trial counsel was unconstitutionally ineffective for failing to call Ms. Perez to testify at his trial, the constitutional arguments based on *Brady* and the denial of a fair trial that are now before this Court in Ground Two were not fairly presented to the KCOA and therefore are not properly exhausted. *See Grant v. Royal*, 886 F.3d 874, 891 (10th

> Cir. 2018) ("[T]here is no fair presentation if the claim before the state court was only 'somewhat similar' to the claim pressed in the habeas petition.").
>
> Similarly, in Ground Three, Petitioner argues to this Court that his constitutional right to a fair trial was violated by the presentation of perjured testimony by Detective Harrow, and Detective Harrow's illegally tampering with and tainting the crime scene. (Doc. 1, p. 8.) But to the KCOA, Petitioner argued that "trial counsel was ineffective for not moving to suppress the crime scene photos or objecting to the evidence." *Vigil II*, 2025 WL 438864, at *4-5. Because Petitioner asserts different constitutional violations to this Court than he did to the KCOA, Ground Three is not exhausted.

*Id.* at 5-6.

After explaining the exceptions that exist to the general rule that this Court cannot consider grounds for federal habeas relief that were not properly exhausted in the state appellate courts, the MOSC granted Petitioner time in which to show cause that Grounds One through Four were properly exhausted, that there are avenues available by which he could not return to state court to exhaust them, or that an exception to the exhaustion requirement applies. *Id.* at 11-12. This matter comes now before the Court on Petitioner's response to the MOSC.

In his response, Petitioner focuses on the ineffective assistance of trial counsel. (Doc. 10, p. 1.) First, he asserts that ineffective assistance of trial counsel is sufficient cause to overcome his failure to raise in the state appellate courts the claims now presented in this federal habeas matter. *Id.* "To demonstrate cause . . . Petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986)." (Doc. 7, p. 8.) Petitioner's argument is unpersuasive, as trial counsel—whether providing effective assistance or not—generally does not determine what issues are raised on appeal. There is no indication in this matter that Petitioner's trial counsel affected which issues were raised to the KSC in Petitioner's direct appeal or his later appeal from the denial of his K.S.A. 60-1507 motion. Thus, even assuming that trial counsel was ineffective, Petitioner has not shown

4

that the ineffective assistance of trial counsel "impeded his ability to" fairly present to the state appellate courts the issues he raises in his federal habeas petition. Thus, he has failed to show cause for his failure to properly exhaust the issues in his federal habeas petition.

Petitioner also argues that the Court should allow him to pass through the actual innocence gateway and consider the merits of his claims despite his failure to exhaust. As a reminder:

> To qualify for the actual innocence exception, Petitioner must present to this Court "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021). If Petitioner comes forward with new reliable evidence, "[t]he habeas court must make its determination . . . 'in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'" *Schlup* [*v. Delo*], 513 U.S. [298,] 328 [(1995)].

(Doc. 7, p. 10.)

In the midst of further discussing the ineffective assistance of trial counsel, Petitioner asks the Court to consider Ms. Perez' statements to law enforcement that Petitioner was not the person she saw at the house where Mr. Gracia was stabbed as new evidence that supports the actual innocence exception to the exhaustion requirement. (Doc. 10, p. 1-5.) In addition to the statements related above, as set forth in the KCOA's opinion, Petitioner adds that in the 2017 evidentiary hearing that occurred in his K.S.A. 60-1507 proceedings, Ms. Perez testified, "'I just remember telling officials like, I just, I really cannot tell you this is him because, like he, this dude, this guy just looks like, just not, but just not the same person to me. It's not the same guy.'" (Doc. 10, p. 3.)

First, to the extent that Petitioner relies on the alleged ineffective assistance of trial counsel and alleged errors by the trial judge and prosecutor to demonstrate his actual innocence, his

arguments are not successful. As explained in the MOSC, application of the actual innocence exception requires "a colorable showing of *factual* innocence" and may not be based only on legal errors or insufficiencies. (Doc. 7, p. 9 (emphasis added).) Thus, to avail himself of this exception, "Petitioner must present to this Court 'new reliable evidence,'" such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *See id.* at 10 (citations omitted). Arguments regarding legal errors are not new reliable evidence that can support application of the actual innocence exception.

Second, the Court is not persuaded that in light of all the evidence, Ms. Perez' testimony would have made it more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt. Even if Ms. Perez had testified at trial that Petitioner was not the man she saw at Mr. Gracia's mother's home,[2] Petitioner does not explain how that would have left reasonable doubt in the mind of any reasonable juror who had also considered all of the other evidence. Mr. Gracia testified at trial that Petitioner was the individual who stabbed him and chased him through his mother's home, causing a wound that required 68 staples to close. *Vigil*, 2025 WL 438854, at *5. As the KCOA pointed out, Mr. Gracia also testified that Petitioner "stabbed him in the abdomen from the front, meaning Gracia was face-to-face with his attacker," lending even more credibility to Mr. Gracia's identification. *Id.* at *8. Moreover, Mr. Gracia was in fact related to Petitioner—"their fathers were cousins"—and Gracia testified that Petitioner "explained that he was stabbing him as retribution from the Texas Syndicate." *Id.* Evidence also was presented at trial that the shoes Petitioner was wearing when he was arrested had Mr. Gracia's

---

[2] It is not certain that Ms. Perez would have testified in this way. The KCOA noted that trial counsel testified at the 2017 hearing in the K.S.A. 60-1507 proceeding that she had in fact subpoenaed Ms. Perez to testify at the trial, but ultimately chose not to call her because "'[Ms. Perez] was sitting in the lobby outside of the courtroom, too, when they brought Mr. Vigil in for court and [Ms. Perez] looked at him and said oh, maybe it was him at which point [co-counsel] and I said thank you, you are excused.'" *Vigil*, 2025 WL 438854, at *6.

blood on them. *Id.* at *5.

The United States Supreme Court has recognized that where newly presented evidence calls into question the credibility of witnesses presented at trial, a federal "habeas court may have to make some credibility assessments." *See Schlup v. Delo*, 513 U.S. 298, 330 (1995). Simply put, the Court finds that even if Ms. Perez had testified that she was certain that Petitioner was not the man she saw at the crime scene, it would not have undermined Mr. Gracia's testimony identifying Petitioner, a relative, as the individual who stabbed him to the extent that Petitioner now argues. Petitioner has failed to present new reliable evidence that, had it been admitted at trial, would have made it more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Ms. Perez' statements are not "evidence of innocence so strong that [this Court] cannot have confidence in the outcome of the trial unless the [C]ourt is also satisfied that the trial was free of nonharmless constitutional error." (*See* Doc. 7, p. 10 (quoting *Fontenot v. Crow*, 4 F.4th 982, 1031 (10th Cir. 2021)).)

Petitioner has not shown that he should be allowed through the actual innocence gateway. Therefore, the Court cannot consider the merits of the defaulted grounds for relief presented in the federal habeas petition in this case. Grounds One through Four clearly cannot provide a basis for federal habeas relief and must be dismissed under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

7

of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed with prejudice because none of the grounds for relief asserted in the petition were properly exhausted and Petitioner has not shown that an exception to the exhaustion requirement applies. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 30th day of September, 2025, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge